**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 97-40621**

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellee,**

**VERSUS**

**JAMES ANDREW POLLANI,**

**Defendant - Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**

July 13, 1998

Before REAVLEY, DeMOSS, and PARKER, Circuit Judges.

DeMOSS, Circuit Judge:

James Andrew Pollani was convicted on twelve counts of aiding and abetting and substantive counts of transportation of stolen IBM computer parts in interstate commerce in violation of 18 U.S.C. §§ 2, 2314. He appeals from his conviction and sentence, raising multiple points of error. In light of this Court's prior precedent in *United States v. Taylor*, 933 F.2d 307 (5th Cir.), *cert. denied*, 502 U.S. 883, 112 S. Ct. 235 (1991), we conclude that Pollani was deprived of his right to counsel and reverse his convictions.

I.

A brief history of Pollani's legal representation is a necessary background to our discussion. Pollani originally hired an attorney from Dallas, Jim Burnham, in April 1996 after a search warrant was executed at Pollani's home. Then in August 1996, Pollani fired Burnham and hired a new attorney from Denton, Henry Paine, Jr. When Pollani appeared at his arraignment on December 19, 1996, the original attorney, Burnham, accompanied him. Burnham told the presiding magistrate judge that he had not yet been retained and asked to make a "limited appearance." When the judge refused, Burnham entered an unlimited appearance as Pollani's attorney.

On December 20 immediately after his arraignment, Pollani filed four pro se motions. On December 23, Burnham filed a motion to withdraw from his representation of Pollani. On December 26, Pollani filed six more pro se motions. Burnham's motion was denied, and Pollani's pro se motions were denied because they were not filed by Burnham. Pollani then filed pro se motions seeking authorization to proceed pro se and asking that Burnham be held in contempt. A hearing was scheduled for January 14, 1997.

At the hearing Pollani withdrew his motion to hold Burnham in contempt. The court discussed with Pollani the consequences of proceeding pro se. Pollani informed the court that he had enough

money to hire a lawyer, but instead chose to rely upon the skills he had developed by studying law since April 1996. He confirmed that his decision was entirely voluntary.

The discussion then turned toward Pollani's plans for his defense. When asked if he intended to retain counsel at a later stage of the proceedings, Pollani replied that he had already spoken to an attorney about that prospect. At that point the court suggested: "[T]hat person should be retained immediately and brought into this case." Pollani was specifically warned that it was unlikely that the court would continue the case once a trial date was set. Pollani noted that February 10, 1997 had already been set as the trial date. The court responded: "Well, that's right here real close. If the attorney comes in a few days before trial and says, 'Oh, I'm not ready[,] I want some more time,' don't expect the court to grant you that time." The court then found that Pollani had knowingly and voluntarily waived his right to counsel, granted Pollani's motion to proceed pro se, and reinstated Pollani's pro se motions.

Pollani proceeded to conduct his own defense as a pro se litigant. Then on February 6, 1997 -- four days before the trial date -- Bill Snow, a lawyer from Fort Worth, filed motions on Pollani's behalf for a continuance and for substitution of counsel. At this point, Pollani had filed four pro se motions to dismiss the indictment, he had made one pro se motion for an extension of time, and he had been ordered by the court to comply with a pretrial

-3-

discovery order or be precluded from offering certain evidence at trial. The district court scheduled a hearing on February 7 to consider the motions filed by Snow.

At the hearing, Snow was permitted to appear for the limited purpose of arguing his motions. Snow gave numerous justifications for a continuance, most of them relating to his need to prepare and the disadvantage that Pollani would suffer by proceeding pro se. The prosecution opposed the motion. The court then announced its ruling:

> I'm convinced that [Pollani] made a knowing decision that meets the Constitutional requirements to represent himself. And now, after having been admonished by the magistrate judge that he was not going to be . . . allowed to come in at the last minute and want to hire a lawyer and seek a continuance, . . . that's exactly what he is attempting to do.
>
> This Court has a lot of cases to try and we schedule these cases and try to get them tried to comply with the Speedy Trial Act. So I'm not disposed or I'm not persuaded that this Motion for Continuance should be granted, that justice requires it. And so I'm going to deny it.

The discussion at the hearing then turned to the matter of Pollani's representation during the trial. The district court suggested to Pollani that he hire Snow as stand-by counsel. When Snow inquired whether he would be precluded from representing Pollani, the court responded that Pollani had made a "knowing decision" to represent himself, and an eleventh-hour substitution of counsel would not be permitted. Pollani then interjected that he had understood the magistrate judge to have said that he could

bring in trial counsel at a later date.  Some discussion ensued about exactly what the magistrate judge had said,[1] and then the court confirmed its ruling that Snow would only be permitted to participate as stand-by counsel.  After Pollani tried to raise some ancillary points, the following dialogue occurred:

> THE COURT:   * * *
>
> Anything else, Mr. Pollani, that the Court can answer for you to assist you now in being --
>
> THE DEFENDANT [Pollani]:   If the Government doesn't allow a continuance in this case, I would ask that --
>
> THE COURT:   Well, it's not the Government. The Government --
>
> THE DEFENDANT:  Or the Court --
>
> THE COURT:   -- the Court has overruled your continuance.
>
> THE DEFENDANT:  If the Court does not allow a continuance in this, *I would ask of the Court that Mr. Snow still be available to represent me as counsel* and we'll just have to do a lot of cramming --

---

[1]  The transcript of the hearing in question reveals that the magistrate judge said:

> [I]f you change your mind, which you can, and have an attorney represent you, don't expect that -- someone coming in late to be justification for postponing your trial.
>
> And you should tell the attorney that you are talking to that also.  I don't know what the State Court does, but don't -- don't assume that that is going to happen in Federal Court.  Because you have been given notice of your trial date and the hazards of representing yourself.

-5-

THE COURT: Well, you may hire him to come in here and be -- I just want to be sure everyone understands one another. Mr. Snow will be silent except for his consultation with you at the counsel table. Does everyone understand that?

(Emphasis supplied.)

Pollani represented himself at trial, with Snow assisting him as stand-by counsel. He was convicted of all but one of the counts in his indictment, and he was sentenced to 63 months of imprisonment on each count to be served concurrently.

Pollani timely appealed, contesting, inter alia, the district court's refusal to grant a continuance or allow Snow to be substituted as counsel.

## II.

First, we briefly consider the district court's denial of a continuance to permit Pollani and Snow to prepare for trial. We review the denial of a defendant's motion for continuance for abuse of discretion resulting in serious prejudice. *See, e.g.*, **Avery v. Alabama**, 308 U.S. 444, 446, 60 S. Ct. 321, 322 (1940); **United States v. Dupre**, 117 F.3d 810, 823 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 857 (1998). Generally, a district court's refusal to continue a case to accommodate an attorney brought in at the last minute is not an abuse of discretion. *See, e.g.*, **United States v. Krout**, 66 F.3d 1420, 1435 (5th Cir. 1995), *cert. denied*, 516 U.S. 1136, 116 S. Ct. 963 (1996); **United States v. Mitchell**, 777 F.2d

248, 255 (5th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S. Ct. 1493 (1986). However, each case must be reviewed individually, "in light of all the circumstances." **United States v. Kimbrough**, 69 F.3d 723, 731 (5th Cir. 1995), *cert. denied*, 517 U.S. 1157, 116 S. Ct. 1547 (1996).

In this case, Pollani initially exercised his right to counsel by retaining Burnham. In the midst of pretrial proceedings, Pollani decided to represent himself. A magistrate judge tried to persuade Pollani against proceeding pro se, but when Pollani persisted the judge determined that he was making a knowing and informed waiver of his right to counsel. Moreover, that judge specifically warned Pollani that he should not delay retaining trial counsel because a continuance would not be granted to accommodate the needs of an attorney hired at the last minute. Pollani failed to heed this prescient warning, and instead sought to use his lawyer's unpreparedness as a delaying tactic. This much is apparent from Pollani's flurry of pretrial motions seeking delay, as well as the discussion at the hearing on Snow's motions, which focused almost exclusively on obtaining the continuance, not on substituting counsel.

Viewed in the context of Pollani's motive of delay and his disregard of an explicit warning that a continuance would not be granted if a lawyer were hired on the eve of trial, the district court's decision to deny the continuance was not an abuse of

discretion. The district court has an interest in maintaining its docket and keeping cases on schedule, and it validly protected those interests in this case by refusing to allow Pollani to manipulate the trial date by strategically timing the hiring of counsel. *Cf.* **Faretta v. California**, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom.").

## III.

We now turn to Pollani's claim that he was deprived of his right to counsel. Despite the fact that Snow had been retained and was available to act as trial counsel, the district court refused to allow Snow to represent Pollani at trial. We conclude that Pollani was thereby deprived of a fundamental constitutional right, and his convictions must be reversed.

The right to counsel is grounded in the Bill of Rights, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The primacy of that right was eloquently explained by Justice Sutherland in **Powell v. Alabama**, 287 U.S. 55, 53 S. Ct. 55 (1932):

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself

-8-

> whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. . . . If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.

*Powell*, 287 U.S. at 68-69, 53 S. Ct. at 64.

The right to counsel can be waived and defendants have the right to proceed pro se if they so choose. *See Faretta*, 422 U.S. at 819-20, 95 S. Ct. at 2532. If the right is waived, our Court has held that ordinarily the waiver can be withdrawn and the right to counsel can be reasserted. *See United States v. Taylor*, 933 F.2d 307, 311 (5th Cir.) (citing *Beto v. Martin*, 396 F.2d 432 (5th Cir. 1968)), *cert. denied*, 502 U.S. 883, 112 S. Ct. 235 (1991); *see also Horton v. Dugger*, 895 F.2d 714, 716 (11th Cir. 1990).

Of necessity, the right to reassert a previously waived right to counsel has its boundaries. As we observed in *Taylor*, a pro se litigant may not abuse his right by strategically requesting

special appearances by counsel[2] or by repeatedly altering his position on counsel to achieve delay or obstruct the orderly administration of justice.[3]

In the present case, however, there are no circumstances which justify the district court's refusal to allow Snow to represent Pollani.  It is true enough that Pollani was vigorously attempting to delay the start of trial.  Pollani unequivocally stated, however, that he wished to be represented at trial by Snow, even if the continuance were denied.  The district judge did not state -- and there is no reason to think -- that Snow's appearance would impede the orderly administration of justice.  Quite to the contrary, there is every reason to believe that the trial would have proceeded much more efficiently if Pollani had been represented by counsel rather than himself.

This case is unlike other cases in which the district court declined to allow substitution of retained counsel for appointed counsel at the last minute, when to do so would require a continuance and delay the start of trial.  *See **United States v. Silva***, 611 F.2d 78, 79 (5th Cir. 1980).  This case is also unlike cases in which the district court denied a continuance that would

---

[2] *See **Taylor***, 933 F.2d at 311 (citing **McKaskle v. Wiggins**, 465 U.S. 168, 183, 104 S. Ct. 944, 953 (1984)).

[3] *See **id.*** (citing **McQueen v. Blackburn**, 755 F.2d 1174, 1178 (5th Cir.), *cert. denied*, 474 U.S. 852, 106 S. Ct. 152 (1985) and **United States v. Magee**, 741 F.2d 93, 95 (5th Cir. 1984)).

be necessary for a defendant to be represented by particular counsel of his choice who was retained at the last minute. *See, e.g.*, **Neal v. Texas**, 870 F.2d 312, 315 (5th Cir. 1989). Those cases were decided on the basis of an appropriate denial of a continuance. They are distinguishable because in those cases the defendant was only deprived of exercising the right to counsel in a particular way which would unjustifiably delay the trial process. Had Pollani been seeking appointed counsel four days before the trial was to begin, the district court could have denied the request -- there was not enough time to appoint counsel at that late date. Had Pollani been seeking a delay because his retained counsel had a conflict, the district court could deny the request -- Pollani waited too long to appoint counsel, and he would have known the trial date when he hired his lawyer. As we have already explained, the district court in this case was entirely justified in denying a continuance in light of Pollani's purpose of delay and the explicit warning that a continuance would not be granted in the event that Pollani waited too long to retain counsel.

The justifications for proceeding on schedule do not, however, justify the district court's refusal to allow Snow to participate. This case is different because Pollani had arranged to be represented by counsel instead of representing himself, and no delay was required for Pollani to exercise his right to do that. Pollani had maneuvered himself into an undesirable scenario, but he

-11-

still had the option to be represented by counsel to the extent that he could do so without interrupting the orderly processes of the court.  This was no doubt his most attractive option, as it is eminently reasonable to expect that Snow could have presented a better defense with three days of preparation than could Pollani with three months.  *See* **Powell**, 287 U.S. at 68-69, 53 S. Ct. at 64. The Constitution protects Pollani's right to counsel under these circumstances, and the district court erred in disallowing Snow to represent Pollani at trial.[4]

The right to counsel at trial occupies an elevated status among fundamental constitutional rights.  *See, e.g.*, **Gideon v. Wainwright**, 372 U.S. 335, 342-43, 83 S. Ct. 792, 795-96 (1963); **Powell**, 287 U.S. at 68, 53 S. Ct. at 63.  Pollani was deprived of that right, and the fundamental nature of that violation means that the convictions must reversed without regard to whether Pollani suffered any prejudice.  *See, e.g.*, **United States v. Cronic**, 466 U.S. 648, 659 & n.25, 104 S. Ct. 2039, 2047 & n.25 (1984).

**IV.**

---

[4]  Of course, Snow's presence at trial in the capacity of stand-by counsel did not satisfy the requirements of the Sixth Amendment. *See* **Walker**, 933 F.2d at 312-13.  The appointment of stand-by counsel is a tactic for assisting a pro se litigant in vindicating his Sixth Amendment right of self-representation, s*ee* **Faretta**, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46, not a substitute for representation by counsel for a defendant who seeks to exercise his right to counsel.

We have considered the remainder of Pollani's assignments of error, and conclude that they are without merit[5] or rendered moot by our disposition above.[6]  Accordingly, we REVERSE the convictions below and REMAND the cause for further proceedings consistent with this opinion.

---

[5] Specifically, we find no merit in Pollani's various contentions that in some respect federal jurisdiction was lacking, venue was improper, or the indictment was fatally defective.

[6] In particular, we need not address whether Pollani was competent to proceed pro se, the district court erroneously denied Pollani's untimely motion to suppress evidence, Pollani was prejudiced by the jury's knowledge that other parties to the alleged crimes pleaded guilty, the district court erroneously failed to submit a requested jury instruction, or the district court erroneously applied the United States Sentencing Guidelines.