

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00246-CR

BOBBY FITZGERALD LEWIS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Bobby Fitzgerald Lewis appeals his convictions for two counts of aggravated sexual assault and one count of indecency with a child. *See* Tex. Penal Code Ann. §§ 21.11, 22.021 (West 2011 & Supp. 2013). In a single issue,

---

[1]*See* Tex. R. App. P. 47.4.

Lewis complains that the trial court abused its discretion by denying his request for appointed counsel on the day of trial. We will affirm.

## II. PROCEDURAL BACKGROUND

A public defender was appointed to represent Lewis on June 15, 2010. On March 23, 2011, the trial court granted Lewis's motion to have the public defender replaced with his former defense attorney, Lee Ann Marsh, who had represented him on related charges in Clay County, Texas. Two days later, Marsh filed a motion to withdraw, asserting that Lewis no longer wanted her to represent him and requesting withdrawal "due to [their] inability to work together effectively." The trial court granted the motion that day and again appointed the public defender to represent Lewis.

Ten months later, on January 25, 2012, Lewis filed a pro se motion seeking removal of the public defender, and on February 24, 2012, the public defender filed a motion to withdraw based on "a confidential conflict of interest." The trial court granted the public defender's motion on February 27, 2012, and appointed a third attorney, Reginald Wilson, to represent Lewis.

On March 21, 2012, Lewis filed a pro se motion for removal of Wilson as appointed counsel and a pro se motion for a continuance and change of venue. Five days later, Wilson filed a motion to withdraw, although he noted in the motion that he was "unaware of any 'adequate reason' that would justify his

2

discharge."[2]  At a hearing on March 30, 2012, the trial court denied the motion to withdraw.

Lewis filed multiple pro se motions between March 28, 2012, and April 16, 2012.  At a pretrial hearing on April 25, 2012, Lewis announced that he would not "need any advice from" Wilson.  The trial court scheduled a *Faretta*[3] hearing for April 27, 2012.  At the *Faretta* hearing, the trial court stated that there was no basis to remove Wilson as appointed counsel and asked if Lewis desired to represent himself; Lewis replied that he did not.  When the trial court explained that it would not consider Lewis's pro se motions because he was represented by counsel, Lewis stated, "Well, how about I be my own counsel then."  The trial court admonished Lewis on the dangers of self-representation and found that his decision to represent himself was knowingly and intelligently made.  The trial court discharged Wilson as appointed counsel and told him that he was no longer needed; the trial court did not appoint Wilson as standby counsel, and Wilson left the courtroom.  The trial court then considered Lewis's pro se motions, including

---

[2]Wilson further stated in his motion,

> No doubt Defendant wants Movant [Wilson] off this case because he believes that Movant will not adequately represent him at trial.  Movant has a different view.  Movant's concern is that the parties will appear the day of trial, and the Defendant will express to the Court that he will not accept Movant as his defense attorney, and Movant will not [have] had the benefit of cooperation from the Defendant in preparing for trial, and thereby further delay the trial of this case.

[3]*Faretta v. California*, 422 U.S. 806, 834–35, 95 S. Ct. 2525, 2541 (1975).

3

his motion to dismiss, motion for continuance and change of venue, and motion to set aside the indictment; the court denied all of the motions except the motions requesting that the State provide Lewis with certain information and evidence.

On the day of jury selection, April 30, 2012, the trial judge began by telling Lewis, "[Y]our decision to represent yourself I think is a bad decision given the complicated nature of this sort of the law. Do you understand that?" Lewis said that he understood, but he continued to represent himself. Lewis then raised a double jeopardy claim, which the trial court said was without merit:

> THE COURT: You're absolutely wrong [on the double jeopardy issue], Mr. Lewis. My question to you is do you want to represent yourself or do you want a lawyer?
>
> MR. LEWIS: No, I'll take the representation.
>
> THE COURT: You what?
>
> MR. LEWIS: I'll take your public defender.
>
> THE COURT: Okay. So you want -- you have established your indigence. Before the jury panel comes in you're telling me you want to be represented by counsel; is that right?
>
> MR. LEWIS: Yes, sir.
>
> THE COURT: All right. [Prosecutor], do you want to be heard on this issue?
>
> [PROSECUTOR]: I would object to it, Your Honor. We met with both of the victims after he had a Faretta hearing. He chose to represent himself Friday [April 27, 2012]. He made that choice. He signed a waiver of his right to counsel. I met with both victims Friday afternoon and informed them that we were proceeding this week. They've dealt with this all weekend. They dealt with the setting of the trial. They need to get it over with. I think he sufficiently waived

4

his rights on Friday and I don't think he has the right to go back and have representation at this point.

So because of what he's put the victims through, he made a knowing and intelligent waiver of his right to counsel on Friday, and I think that those should be honored.

The trial court requested an opinion from the State's appellate division "because of the nature of this particular right," although it noted its agreement with the prosecutor that it thought Lewis was "playing the system."  After a recess, the State provided the court with case law to support its objection, and the trial court denied Lewis's request for appointed counsel.  The trial court then commenced voir dire, and Lewis represented himself throughout the trial proceedings.

The jury convicted Lewis of two counts of aggravated sexual assault and one count of indecency with a child.  The trial court sentenced Lewis to life imprisonment for both aggravated sexual assault convictions and twenty years' imprisonment for the indecency with a child conviction, ordering that the life sentences run consecutively with each other and that the remaining sentence run concurrently.

Lewis's appointed appellate attorney timely filed a motion for new trial asserting, among other things, that Lewis was entitled to a new trial based on the denial of his request for appointment of trial counsel prior to voir dire.  After a hearing, the trial court denied the motion for new trial.

### III. WITHDRAWAL OF WAIVER OF RIGHT TO COUNSEL

Federal and state law guarantee a criminal defendant the right to the assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 2005). A defendant may waive his right to counsel, in which case the record must show that he knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 834–35, 95 S. Ct. at 2541; *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). A defendant may also waive his right to represent himself after asserting that right. *McKaskle v. Wiggins*, 465 U.S. 168, 181–83, 104 S. Ct. 944, 954 (1984); *Funderburg*, 717 S.W.2d at 642 & n.5 (describing such waiver as a "waiver of a waiver"). Code of criminal procedure subsection 1.051(h) addresses the withdrawal of a waiver of the right to counsel:

> A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

Tex. Code Crim. Proc. Ann. art. 1.051(h) (West Supp. 2013).

A defendant's constitutional and statutory rights to withdraw his waiver of the right to counsel are not without limits. *See Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd); *Magness v. State*, No. 01-08-00742-CR,

6

2010 WL 2431067, at *4 (Tex. App.—Houston [1st Dist.] June 17, 2010, pet. ref'd) (mem. op., not designated for publication). A trial court may deny a request to withdraw the waiver when doing so would obstruct orderly procedure or interfere with the fair administration of justice. *See Medley*, 47 S.W.3d at 23 ("Trial courts have the duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel.") (citing *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46); *see also Marquez v. State*, 921 S.W.2d 217, 219 (Tex. Crim. App. 1996) (reviewing withdrawal of waiver of Sixth Amendment right to trial by jury). A defendant may not use his right to counsel to manipulate the court or to delay his trial. *Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex. Crim. App.), *cert. denied*, 488 U.S. 863 (1988). A defendant "does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial." *Medley*, 47 S.W.3d at 23; *see Johnson v. State*, 257 S.W.3d 778, 781 (Tex. App.— Texarkana 2008, pet. ref'd) ("Constitutional protections connected with the right to counsel may not be so manipulated as to delay or obstruct the trial process." (citing *Dunn v. State*, 819 S.W.2d 510, 518–19 (Tex. Crim. App. 1991), *cert. denied*, 506 U.S. 834 (1992))); *see also Trevino v. State*, 555 S.W.2d 750, 752 n.1 (Tex. Crim. App. 1977).

The trial court's decision as to the effect the withdrawal of a defendant's waiver of the right to counsel would have on the orderly administration of justice will not be disturbed on appeal absent an abuse of discretion. *Medley*, 47

7

S.W.3d at 24; *see also Marquez*, 921 S.W.2d at 222–23. "It will be presumed, in the absence of a showing to the contrary, that the discretionary powers of the [trial] court have been wisely exercised." *Marquez*, 921 S.W.2d at 223.

A defendant who has waived the right to counsel but then seeks to reclaim that right bears the burden of showing that his waiver would not (1) interfere with the orderly administration of court business, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *Medley*, 47 S.W.3d at 23; *see Marquez*, 921 S.W.2d at 223. If the evidence presented by the defendant is rebutted by the State, the trial court, or the record, then the trial court does not abuse its discretion in refusing to allow the right to be reclaimed. *Medley*, 47 S.W.3d at 23.

In this case, Lewis does not complain that his waiver of his right to counsel was not knowingly and intelligently made. Instead, Lewis complains that the trial court abused its discretion by refusing to appoint counsel when he attempted to withdraw his waiver and that this abuse of discretion violated his constitutional and statutory rights to counsel. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. arts. 1.05, 1.051(h).

Lewis testified at the hearing on his motion for new trial that he attempted to withdraw his waiver of counsel and request appointed counsel because "I had the opinion that I was in over my head." But the trial court noted on the record when considering Lewis's request to withdraw his waiver of counsel that Lewis was attempting to manipulate the system, and the record supports the trial

8

court's determination. *See Culverhouse*, 755 S.W.2d at 861; *see also Marquez*, 921 S.W.2d at 222–23. The record demonstrates that the trial court appointed a different attorney to represent Lewis four times prior to trial, each time at Lewis's request. The record also demonstrates that, during his fourth attorney's representation, Lewis waived his right to counsel in order to have his pro se motions heard at a pretrial hearing on the Friday before trial, obtained rulings on his pretrial motions, and then attempted to again invoke his right to counsel on the first day of trial the following Monday.

Moreover, Lewis did not present any argument or evidence, either at trial or in his motion for new trial, that appointing counsel to represent him on the day of trial would not have interfered with the orderly administration of the trial court's business, would not have resulted in unnecessary delay or inconvenience to the witnesses, and would not have prejudiced the State. *See Medley*, 47 S.W.3d at 23; *Glover v. State*, No. 09-06-00325-CR, 2007 WL 5442525, at *7 (Tex. App.—Beaumont Aug. 27, 2008, no pet.) (mem. op., not designated for publication); *Finley v. State*, No. 14-06-00127-CR, 2007 WL 738947, at *4–5 (Tex. App.—Houston [14th Dist.] Mar. 13, 2007, no pet.) (not designated for publication); *see also Marquez*, 921 S.W.2d at 222–23. And nothing in the record indicates that the trial would not have been delayed if the trial court had decided to appoint an attorney for Lewis; he did not have a standby attorney or ask that his previously appointed attorney, Wilson, again be appointed to represent him, which could

9

have mitigated any delay.[4]  The record does not indicate whether Wilson was available for reappointment after being relieved of his duties three days prior to trial or whether the trial court would have had to appoint a new attorney, further delaying the trial.[5]  *See Magness*, 2010 WL 2431067, at *4; *Glover*, 2007 WL 5442525, at *7.  The State also noted that its witnesses—including the two minor complainants in the case—were ready for trial and "need[ed] to get it over with."

---

[4]In fact, Lewis told the trial court that he would "take your public defender," which indicates that Lewis was not requesting that Wilson be appointed.  Even if the trial court had attempted to reappoint Wilson as counsel, the record does not demonstrate whether Lewis would have accepted Wilson's representation in light of Lewis's previous attempt to remove Wilson as appointed counsel.

[5]Lewis relies on *Medley* and *Walker v. State* to support his argument that the trial court abused its discretion by refusing to allow him to withdraw his waiver of counsel.  *See Medley*, 47 S.W.3d at 23; *Walker v. State*, 962 S.W.2d 124 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).  But in each of those cases, a standby attorney was available and ready to represent the defendant, so that the defendant's withdrawal of his waiver did not interfere with the orderly administration of the court's business or result in unnecessary delay.  *See Medley*, 47 S.W.3d at 25; *Walker*, 962 S.W.2d at 128; *see also United States v. Pollani*, 146 F.3d 269, 273–74 (5th Cir. 1998) (finding violation of Sixth Amendment right to counsel when defendant who had waived right to counsel had also retained counsel who was available to act as trial counsel and when defendant expressed desire to be represented by counsel even if his motion for continuance was denied); *Morgan v. State*, Nos. 01-94-00306-CR, 01-94-00307-CR, 1995 WL 62843, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 1995, no pet.) (not designated for publication) (holding that trial court's refusal to appoint attorney who was present and had announced ready for trial violated code of criminal procedure article 1.051(h) because there was no evidence that request for counsel would have delayed the proceedings or obstructed orderly procedure).  And in both *Medley* and *Walker*, nothing suggested that the defendant was attempting to delay his trial or was "playing the system."  *See Medley*, 47 S.W.3d at 25; *Walker*, 962 S.W.2d at 128.

10

The record makes clear that the trial court concluded that Lewis was attempting to manipulate the system by invoking his right to self-representation in order to have his pro se motions heard before attempting to reassert his right to appointed counsel. Nothing in the record suggests that appointment of counsel for Lewis on the day of trial—which would have been the sixth change in representation[6]—after his appointed attorney was relieved of his duties three days prior, would not have delayed trial or interfered with the orderly administration of the court's business. We cannot say that the trial court acted outside the zone of reasonable disagreement by denying Lewis's request to withdraw his waiver of counsel. *See Marquez*, 921 S.W.2d at 221–22 (agreeing "with the prevailing trend to permit withdrawal of the waiver [of right to jury trial] so long as it is in good faith and there are no adverse consequences"). We overrule Lewis's sole issue.

## IV. CONCLUSION

Having overruled Lewis's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

---

[6]The trial court initially appointed a public defender to represent Lewis, then, at Lewis's request, appointed attorney Marsh, then again appointed a public defender, then appointed attorney Wilson, and then allowed Lewis to appear pro se; Lewis then requested representation by a public defender.

11

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 6, 2014