

# NUMBER 13-13-00526-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HERMAN LEE KINDRED,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

## ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Order Per Curiam

This cause is before the Court on appellant's motions for appointment of counsel and his waiver of self-representation. We have abated this cause on two previous occasions. In February, this Court abated and remanded this appeal to the trial court to determine if appellant was indigent and entitled to appointed counsel on appeal. In

March, the trial court found that appellant as indigent and entitled to appointed counsel, but that:

> The Defendant is of sound mind and had a factual and rational understanding of the proceedings.
>
> The Defendant does not ask that appellate counsel be appointed to represent Defendant in prosecuting his appeal or to assist defendant in the prosecution of his appeal pro se.
>
> The Defendant expressly stated that he did not want the court to appoint appellate counsel to prosecute Defendant's appeal nor did Defendant wish for the court to appoint appellate counsel to assist defendant in the prosecution of his appeal pro se.
>
> The Defendant represented to the court that he was familiar with the appellate rules and procedures governing his appeal. The Defendant represented to the court that he was familiar with the law applicable to his appeal. The Defendant represented to the court that he had previously represented himself in another appeal and felt that he was capable of adequately prosecuting his appeal, pro se.
>
> The Defendant knowingly, intentionally and expressly waived his right to appointed appellate counsel to prosecute his appeal and to assist Defendant in prosecution of his appeal, pro se.

In May, we once again abated and remanded this appeal to the trial court in response to a motion filed by appellant stating that the appellate record was incomplete. Upon remand, the trial court concluded, after a detailed hearing including appellant's participation, that the record was complete. At that hearing, appellant requested to have appellate counsel appointed. The following colloquy ensued:

> THE COURT: You have already been examined on that and you have said that you did not want an attorney, Mr. Kindred. That matter is not before me at this time.
>
> THE DEFENDANT: Well, it's already -- it's been filed right here.

2

THE COURT:   Mr. Kindred, that issue has previously been addressed and you've said that you did not want an attorney.

THE DEFENDANT: Well, I'm telling you right now I want an attorney.

THE COURT:   Your motion and request is untimely, Mr. Kindred.

THE DEFENDANT:   How is it untimely?

THE COURT:   You are your attorney.

THE DEFENDANT:   Well, I -- I got a right to an attorney.

THE COURT:   Actually you don't, Mr. Kindred, at this point. You have -- despite the Court's admonition, you have represented to me under oath that you did not want an attorney and that you were competent to handle your own appeal –

THE DEFENDANT:   Well, I'm requesting now for an attorney.

THE COURT: -- and the fact of the matter is that this is the same tactic that you took during the trial –

THE DEFENDANT: Well, I'm requesting for an attorney.

THE COURT: -- you asked for -- you wanted your attorney withdrawn and then you said you did not want an attorney, you wanted to represent yourself, and then once I granted your relief, then you made an oral motion in court during the trial phase of this case then asking for an attorney. I find that your request at this time to ask --asking for a court-appointed attorney is in bad faith and your request is denied.

THE DEFENDANT: Okay. That's fine.

The trial court's findings in response to the second abatement regarding the record do not include any findings or conclusions based on appellant's new request for counsel on appeal.   Appellant, however, orally attempted to revoke his waiver of counsel in the trial court, and filed a corresponding motion on appeal.

3

Although the Sixth Amendment right to counsel is absolute, the exercise of that right is subject to the necessities of sound judicial administration. *United States v. Arlen*, 252 F.2d 491, 494 (2d Cir.1958). Trial courts have the duty and discretion to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). *United States v. Taylor*, 933 F.2d 307, 311 (5th Cir.1991). Stated succinctly, "The control of the business of the [trial] court is vested in the sound discretion of the trial judge." *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App.1996). If the right to counsel is waived, the waiver can ordinarily be withdrawn, and the right to counsel reasserted. *United States v. Pollani*, 146 F.3d 269, 273 (5th Cir.1998); *Taylor*, 933 F.2d at 311; *see Marquez*, 921 S.W.2d at 222 n. 4. But, the defendant does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial or otherwise obstruct the orderly administration of justice. *Pollani*, 146 F.3d at 273; *Taylor*, 933 F.2d at 311; *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App.1976); *Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd).

Given the foregoing sequence of events and the constitutional dimensions of the right to counsel, we ABATE and REMAND this matter to the trial court for further findings of fact and conclusions of law regarding whether appellant's waiver of the right to appellate counsel has been revoked, whether the right to counsel has been reasserted, and whether, given all circumstances, appellant is entitled to the appointment of counsel. In so ruling, we caution the parties that this Court is seeking to ensure that due process

4

is served; however, we caution the parties that we do not take lightly issues regarding alleged delay or obstruction of the appellate process.

Upon remand, the trial court is therefore directed to immediately cause notice to be given and conduct a hearing to: (1) determine whether appellant's waiver of the right to appellate counsel has been revoked, whether the right to counsel has been reasserted, and whether, given all circumstances, appellant is entitled to the appointment of counsel; (2) appoint counsel to represent appellant on appeal if it is determined that no delay in the appeal or obstruction of the orderly administration of justice will result therefrom; (3) make and file appropriate findings of fact and conclusions of law and cause them to be included in a clerk's record; (4) cause the hearing to be transcribed and included in a reporter's record; and (5) have these records forwarded to the Clerk of this Court within thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court. Appellant's motions for the appointment of counsel and motions pertaining to the brief shall be CARRIED WITH THE CASE pending receipt and review of this final record from the trial court.

IT IS SO ORDERED.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of June, 2014.

5