## SOUTHERN SURETY CO. v. GRIFFITH LUMBER CO. et al. (No. 8048.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 10, 1928.

Rehearing Denied Nov. 7, 1928.

Barrett, Barrett & Taylor, of San Antonio, for appellant.

J. W. Thames, of Kenedy, Sid Malone, of Beeville, and W. T. Scarborough, of Kenedy, for appellees.

FLY, C. J. This is a suit instituted by the Griffith Lumber Company, a private corporation, against J. A. Campbell, J. W. Campbell, J. W. Deborah, L. F. Layton, J. C. Calhoun, L. W. Kirkland, S. J. Holchalk, Jr., Paul W. Law, and the Southern Surety Company, to recover of them the sum of $1,509.59, with 6 per cent. interest from June 25, 1923. It was alleged in the petition that J. A. Campbell and J. W. Campbell, on May 8, 1922, entered into a written contract with the commissioners' court of Karnes county to construct out of concrete, culverts, bridges, and dips on the Helena, Overby, Lentz, and Choate roads in road district No. 4, Karnes county; that the work was performed, accepted, and paid for by the county, but the Campbells failed to pay for material furnished by the lumber company, and said company therefore sued the Campbells and their sureties, on a bond given by them to Karnes county, for the balance of $1,509.50 due to said company. It was also alleged that on August 16, 1922, the Campbells made a contract with P. W. Law, whereby he agreed to construct out of concrete the culverts, bridges, and dips hereinbefore mentioned, and gave a bond to them in the sum of $2,000, with the Southern Surety Company as surety, for faithful compliance with the contract, and that Law was to furnish all material necessary for the work, and he purchased the material necessary from the lumber company, but failed and refused to pay the balance due on the account. The Griffith Lumber Company sought judgment against all the parties herein named as defendants in the lower court, and, on a trial without a jury judgment was rendered in favor of the lumber company for its claim against all the parties to the Campbells' bond, and a judgment for the Campbells against Law and the Southern Surety Company for $1,965.91. B. G. Mumme intervened in the suit, alleging that he had furnished materials to the Campbells and Law, and he obtained judgment against them for $48.84. This appeal was perfected by appellant, the Southern Surety Company, against J. A. and J. W. Campbell.

■ The first assignment claims error on the part of the trial court in overruling its general demurrer to the original petition, but as the cause was tried on an amended petition, and the original petition is not copied into the record, this court is not in a position to pass on the merits or demerits of that pleading, and of course the first assignment of error cannot form the basis for any proposition. The record does not show that the court acted on any general demurrer, and even in the case of the plea in abatement, which was filed in 1924, while the petition upon which the trial was had was filed in 1927, does not show that it was ever acted on, unless it is sufficiently shown by the entry by some one: "Defendant Surety Company's plea

in abatement overruled; it excepts." In the margin is a recitation: "Plea in abatement overruled docket entry entered 6/16/27."

We will assume that the court acted on and overruled the plea in abatement, and we are of opinion that there was no error in the judgment. The plea in abatement was aimed at the claim of the lumber company, and, as no judgment was rendered against appellant in favor of the Griffith Lumber Company, no possible harm could have been inflicted on appellant by overruling the plea.

The contract to construct the bridges, culverts, and dips was entered into between the commissioners' court of Karnes county and J. A. Campbell and J. W. Campbell on May 6, 1922. All material, except steel reinforcement, was to be furnished and provided by the Campbells, and they executed a bond for the faithful performance of the contract signed by them, as principals, and Deborah, Layton, Calhoun, Kirkland and Holchalk, as sureties. On May 16, 1922, the Campbells sublet the construction of the bridges, culverts, and dips to Paul W. Law, in which the latter bound himself to perform the labor according to the terms of the contract between the Campbells and the commissioners' court and appellant signed a bond in the sum of $2,000, and bound itself to pay the Campbells any damages resulting from a failure of Law to perform his contract. Appellant bought the material used in constructing the bridges, culverts, and dips, and failed to pay for such materials, and the Campbells are held liable for payment of such sums for the materials incurred by Law, and could under the terms of the bond recover the amount for which they were held to be liable.

The second and third propositions are based on assignments of error 6, 7, and 10; the sixth and seventh assignments claiming error in the admission of an order of the commissioners' court, dated June 26, 1923, which showed final payment by the county, and the amount of the warrant issued under the order to the Campbells, and the tenth assignment of error merely setting up a claim that the time the final settlement was made was on or about January 1, 1923, and the claim was barred by one year's limitation when the suit was filed. We do not believe the bond given by Law to the Campbells was such a bond as is contemplated in article 5160, Rev. Stats. 1925. The bond set out in that article is one between a person, firm, or corporation and the state or subdivisions thereof. The bond and contract given by Law were not recognized by the county, and limitation of one year provided for in article 5162 would not apply. However, if the bond of Law had been a statutory one, the claim would not have been barred by limitation, for the reason that limitation did not begin to run from the performance in January, 1923, but from the final settlement, on June 26, 1923. There was no "final settlement of said contract" until the money due on the contract was paid. The statute does not provide for the limitation to begin after the performance of the work, but "after the performance and final settlement of said contract." It is held in Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609, "final settlement" means the amount which the county "was finally bound to pay or entitled to receive was fixed administratively by the proper authority." The amount to be paid had not been "fixed administratively" until it was finally paid. No action was taken by the commissioners' court, although the engineer may have reported the work completed, approving the report and providing for payment of the sums due. There was no final settlement of the contract. The language of the federal statute and state statute is different. The work on the roads was not completed at the time the engineer reported, and his report shows affirmatively that it was not complete. We overrule the second and third propositions.

The testimony showed that Law bought the material, used it in the construction of the bridges, culverts, and dips on the roads, and did not pay for it. He bound himself to pay the Campbells the damages resulting from his failure to perform his contract, and he and his surety must be compelled to pay it. Law admitted that he used the material on the roads. It was not claimed in the pleadings of appellant that the material was not used on the roads.

There is no merit in any of the assignments of error, and the judgment will be affirmed.